UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. DE SOUZA,
individually and on
behalf of all others
similarly situated,

        Plaintiff,

    v.

PULTE HOME CORPORATION,
DEL WEBB HOMES; PULTE
MORTGAGE; DEL WEBB HOME
FINANCE; DEL WEBB MORTGAGE
CORPORATION; and DOES 1-1,000,
inclusive,

        Defendants.

_____/

NO. CIV. S-08-337 LKK/GGH

O R D E R

    Plaintiff is a homeowner who has sued defendants Pulte Home Corporation, Pulte Homes, Inc., Del Webb Homes, Del Webb California Corp., and Marquette Title Insurance Co., alleging various unlawful conduct surrounding the sale of the home. Plaintiff asserts his causes of action on behalf of himself and a putative class. Pending before the court is plaintiffs' motion to file a Third Amended Complaint, in order to substitute the class representatives. For

1

1 the reasons stated herein, the court grants the motion.

2                          **I. BACKGROUND**

3      The allegations of the complaint were described in detail in

4 the court's October 9, 2008 order. Briefly, plaintiff alleges that

5 he and the putative class members purchased homes from Pulte Home

6 Corporation, Pulte Homes, Inc., Del Webb Homes, Del Webb California

7 Corp. ("Builder Defendants") and purchased title insurance through

8 a third party not named as a defendant here. The title insurance

9 was    reinsured    through    Marquette    Title    Insurance    Company

10 ("Marquette"). The crux of plaintiff's complaint is that the

11 Builder Defendants had an unlawful fee splitting arrangement with

12 Marquette and that they did not disclose this arrangement to home

13 buyers. In the First Amended Complaint, plaintiff alleged six

14 causes  of  action:  violation  of  RESPA,  breach  of  contract,

15 negligence, fraudulent concealment, unjust enrichment, and unfair

16 business  practices  in  violation  of  California  Business  and

17 Professions  Code  §  17200  et  seq.,  seeking  injunctive  and

18 declaratory relief and damages.

19      On February 13, 2008, the case was removed to this court.

20 Plaintiff  filed  a  First  Amended  Complaint  on  May  15,  2008.

21 Plaintiff DeSouza was the sole named plaintiff in that complaint.

22 On June 17, 2008, defendants moved to dismiss and stay pending

23 arbitration. The court resolved both motions by order dated October

24 9, 2008.

25      In that order, the court concluded that the arbitration

26 agreement  included  in  the  plaintiff's  purchase  contract  was

1    enforceable under the Federal Arbitration Act and that it applied
2    to all of plaintiff's claims except his prayer for injunctive
3    relief. Nevertheless, because the complaint was pled as a class
4    action, dismissal in favor of arbitration was not yet appropriate.
5    The court concluded that it was necessary to resolve class
6    certification issues before ordering arbitration. Doing so would
7    allow "the court to determine whose claims are subject to
8    arbitration under the FAA and whether any differences in the class
9    members' arbitration agreements warrant certification of
10   subclasses." Order, Oct. 9, 2008 at 18 (internal citations
11   omitted). Once the court resolved a class certification motion,
12   "the court may then determine who must be compelled to participate
13   in arbitration, including whether there may be a subclass whose
14   disputes do not require arbitration." Id. Moreover, it was not
15   clear to the court whether DeSouza could act as a class
16   representative, due to apparent statute of limitations bars on some
17   of the causes of action, which further convinced the court that
18   resolution of class certification should proceed before ordering
19   arbitration.[1]

20        On October 14, 2008, the court held a scheduling conference.
21   At that time, the court instructed plaintiffs to bring a motion for
22   class certification by March 1, 2009. This was reiterated in an

23   _____

24        [1]On defendants' motion to dismiss under Rule 12(b)(6), the
     court held that the arbitrator would be responsible for resolving
25   the issues raised in that motion, except for the claim for
     injunctive relief. On that claim, the court held the plaintiff had
26   not pled with adequate detail and granted defendants' motion, with
     leave to amend.

                                    3

1  order issued on October 20, 2009.

2      On November 7, 2008, plaintiff filed a Second Amended

3  Complaint. DeSouza was named as the sole named plaintiff on this

4  complaint. On December 15, 2008, the parties filed a stipulation

5  to extend defendants' time to answer pending resolution of the

6  instant motion. The court granted this and extended the deadline

7  for plaintiffs to file a class certification motion to June 1,

8  2009.

9                          **II. STANDARD**

10     The Federal Rules provide that leave to amend pleadings

11 shall be freely given when justice so requires.[2] Fed. R. Civ. P.

12 15(a). Although the standard becomes progressively more stringent

13 as the litigation proceeds, the Circuit has explained that the same

14 four factors are pertinent to resolution of a motion to amend: (1)

15 the degree of prejudice or surprise to the non-moving party if the

16 order is modified; (2) the ability of the non-moving party to cure

17 any prejudice; (3) the impact of the modification on the orderly

18 and efficient conduct of the case; and (4) any degree of

19 willfulness or bad faith on the part of the party seeking the

20 modification. See Byrd, 137 F.3d at 1132 (citing United States v.

21 First Nat'l Bank of Circle, 652 F.2d 882, 887 (9th Cir. 1981)). The

22 burden is on the moving party to show that consideration of these

23 factors warrants amendment, see id., but "all inferences [should

24          [2]Defendants' argument that plaintiffs' action should be
25 dismissed under Rule 41 rather than amended under Rule 15 holds no
   force. It is proper to substitute named plaintiffs via a Rule 15
26 motion. See Griggs, 170 F.3d at 879; Hernandez v. Balakian, 251
   F.R.D. 488 (E.D. Cal. 2008) (Wagner, J.).

                                4

1  be drawn] in favor of granting the motion." <u>Griggs v. Pace American</u>

2  <u>Group, Inc.</u>, 170 F.3d 877, 881 (9th Cir. 1999).

3       Prejudice to the opposing party is the most important factor

4  to consider in determining whether a party should be granted leave

5  to amend. <u>See</u> <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385, 1387 (9th

6  Cir. 1990)(citing <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>,

7  401 U.S. 320, 330-31 (1971)). While delay alone is insufficient to

8  deny amendment, undue delay is a factor to be considered. <u>See</u>

9  <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th

10 Cir. 1990)(affirming district court's denial of motion for leave

11 to amend to add new claims made two years into litigation).

12 Amendment may also be denied when it is futile. <u>See</u> <u>Kiser v.</u>

13 <u>General Electric Corp.</u>, 831 F.2d 423, 428 (3d Cir. 1987), <u>cert.</u>

14 <u>denied</u>, 485 U.S. 906 (1988). The test for futility is identical to

15 the one used when considering the sufficiency of a pleading

16 challenged under Rule 12(b)(6). <u>Miller v. Rykoff-Sexton, Inc.</u>, 845

17 F.2d 209, 214 (9th Cir. 1988)(citing <u>Baker v. Pacific Far East</u>

18 <u>Lines, Inc.</u>, 451 F. Supp. 84, 89 (N.D. Cal. 1978)). Accordingly,

19 a proposed amendment is futile only if no set of facts can be

20 proved under the amendment to the pleading that would constitute

21 a valid and sufficient claim or defense.  <u>Id.</u>

22                          **III. ANALYSIS**

23      Plaintiffs seek leave to amend the complaint in order to

24 substitute four new named class representatives for DeSouza.

25 Defendants oppose on the grounds that it is prejudicial and an

26 undue delay. The court grants the motion.

                                5

1     As stated above, amendments should be liberally granted. Fed.

2  R. Civ. P. 15; Griggs, 170 F.3d at 881. The court is guided by four

3  factors: whether the amendment is in bad faith, whether the

4  amendment would cause undue delay to the resolution of the case,

5  prejudice to the opposing party, and whether the amendment would

6  be futile. Id. Here, there is no evidence of bad faith by the

7  plaintiff in bringing this motion. Evidence has been tendered that

8  DeSouza is no longer able to act as class representative for

9  personal reasons and that this motion was filed promptly upon

10  plaintiff counsel's discovery of that fact. Declaration of Paul

11  Stevens In Support of Plaintiffs' Motion For Leave to File A Third

12  Amended Complaint ("Stevens Decl.") ¶ 2. Defendants' contention

13  that DeSouza should tender a declaration "explaining what the

14  supposed changed circumstances are, including when he became aware

15  of the circumstances that prevented him from continuing to serve

16  as class representative in this action," is grounded in no

17  authority and appears contrary to the liberal amendment principle

18  set forth in Rule 15 and applied by the courts. See, e.g., First

19  Nat'l Bank of Circle, 652 F.2d at 887; Griggs, 170 F.3d at 881.

20  Defendants also offer no evidentiary support to their contention

21  that plaintiffs knew of the need to amend in February 2008. See

22  Opp'n. at 7.

23     Next, the amendment would appear not to cause undue delay to

24  the resolution of the case. The case is in its early stages and

25  discovery has only recently begun. See Griggs, 170 F.3d at 881

26  (amendment two years after filing of case was not undue delay);

6

1   <u>Lockheed Martin Corp. v. Network Solutions, Inc.</u>, 194 F.3d 980 (9th
2   Cir. 1999) (whether the amendment would require reopening discovery
3   is relevant to the Rule 15 analysis). Plaintiff has indicated that
4   he would serve responses to outstanding discovery directed at
5   DeSouza on behalf of the new named plaintiffs within fifteen days
6   of the date of this order, in order to facilitate timely discovery.
7   Mot. at 5. Given that the deadline to file a class certification
8   motion has been extended to June 2009, amendment of the pleadings
9   at this stage is timely and would not serve to unduly delay the
10  case.
11       Next, the amendment would not unfairly prejudice the
12  defendants. Defendants inaccurately argue that amendment of the
13  pleading is an unfair circumvention of the court's order that the
14  RESPA claim "was barred" and that it would "add a new RESPA claim."
15  <u>See</u> Opp'n. at 1, 5. In fact, the court did not dismiss DeSouza's
16  RESPA claim in its October 9, 2008 order, but questioned whether
17  DeSouza could be an appropriate class representative given that his
18  RESPA claim seemed barred by the statute of limitations. The lack
19  of clarity on this issue was one of the reasons the court ordered
20  plaintiffs to bring a class certification motion. The instant
21  amendment, therefore, would create no additional burden on
22  defendants because the timeliness of the RESPA claims of any of the
23  named plaintiffs, DeSouza or others, has yet to have been resolved
24  by the court.
25       Moreover, defendants erroneously contend that the amendment
26  attempts to circumvent the court's order to arbitrate. As described

1  above, the court has not ordered the case to arbitration but rather

2  ordered that the class certification issues be resolved prior to

3  arbitration. See Order, Oct. 9, 2008. Amendment of the pleadings

4  to substitute named plaintiffs is an appropriate step for

5  plaintiffs to take before moving for class certification, if

6  plaintiffs believe DeSouza would be an improper class

7  representative. Additionally, the court observed that prior to

8  ordering arbitration, the court would need to determine whether

9  there were claims by subclasses that would not be arbitrable. This

10 necessarily would involve some of the same inquiry that defendants

11 now decry in substituting the named plaintiffs.

12     Finally, there is no evidence to indicate that amendment would

13 be futile. Defendants have not persuaded the court that the

14 proposed named plaintiffs do not have valid RESPA claims. The fact

15 that DeSouza's RESPA claim may be time-barred does not preclude an

16 amendment of the pleadings. On the contrary, if the new named

17 plaintiffs have RESPA claims that are not time barred, this

18 militates in favor of granting the amendment so as to permit

19 resolution of the claims on their merits. See, e.g., Griggs, 170

20 F.3d at 879 (allowing amendment to substitute the named plaintiffs

21 because the named plaintiff's causes of action were barred);

22 Hernandez, 251 F.R.D. at 489-90 (ordering plaintiff's counsel to

23 substitute new named plaintiffs, when original named plaintiff

24 could no longer serve as class representative).

25                          **IV.  CONCLUSION**

26     For the reasons stated herein, the plaintiff's motion for

8

leave to file a third amended complaint is GRANTED. Plaintiffs SHALL file and serve a third amended complaint not later than five (5) days from the date of this order.

IT IS SO ORDERED.

DATED:  February 5, 2009.


LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

9