IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART A. DALIE, III, et al.,

      Plaintiffs,                           CIV. NO. S-08-0337 LKK GGH

   vs.

PULTE HOME CORPORATION, et al.,

      Defendants.                         ORDER
_____/

        Previously pending on this court's law and motion calendar for April 2, 2009, was defendant's motion to stay discovery, filed March 12, 2009. Susanne Geraghty appeared for defendants. Joshua Haffner appeared by telephone for plaintiffs. Having heard oral argument and reviewed the joint statement, the court now issues the following order.

BACKGROUND

        Plaintiffs are putative class members who purchased homes from defendant builders. Plaintiffs claim that defendants created an unlawful fee splitting arrangement with reinsurer Marquette Title Insurance Company without disclosing it to home buyers. Plaintiffs allege violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607, breach of contract, fraud, negligence and unfair business practices. The purchase agreements contain a clause requiring arbitration for any claim (other than liquidated damages which is not at issue

here).[1] The mandatory arbitration provision is not limited to the signatories of the agreement but is binding on disputes "related to this Agreement ... and ... to the property." The agreement, by its terms, purports also to preclude plaintiffs from pursuing claims on behalf of a class by its language, " you may not join your claims against us with the claims of any other homeowners." The action is proceeding on the third amended complaint, filed February 9, 2009.[2]

Defendants move to stay discovery pending a ruling by the district court on defendants' motion to compel arbitration and to strike class allegations, which is set for hearing on April 20, 2009. If the motion is granted, defendants argue that discovery, if held at all, would be limited to what is permitted under arbitration and to plaintiffs' individual claims.

Plaintiffs oppose the motion, arguing that the district court twice ordered that a motion for class certification would be heard prior to determining whether this action, in whole or in part, would be submitted to arbitration. The deadline to file that class certification motion is June 1, 2009. Plaintiffs also argue that the district court made it clear that any arbitration would not apply to any claim for injunctive relief; there is a claim for injunctive relief; defendants have not sought dismissal of the claim; therefore discovery is appropriate for this claim.[3]

DISCUSSION

    A.    Standards For Granting A Stay Of Discovery

This court has great discretion to issue protective orders denying discovery. B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979). Nonetheless, the Federal Rules provide that good cause is required in order for a party to obtain a protective order.

---

[1] Plaintiffs also have a prayer for injunctive relief which Judge Karlton ruled was not subject to the arbitration clause. Order, filed October 9, 2008, at 15.

[2] This most recent version of the complaint has substituted new plaintiffs.

[3] Defendants argue that the injunctive relief claim is moot; however, defendants have never tested that argument before the district judge.

Fed. R. Civ. P. 26(c); Kiblen v. Retail Credit Co., 76 F.R.D. 402, 404 (E.D. Wash. 1977). To prevail on a motion for a protective order, the party seeking the protection has the burden to demonstrate "particular and specific demonstration[s] of fact, as distinguished from conclusory statements . . . ." Id.; Twin City Fire Ins. Co. v. Employers Ins. of Wausau, 124 F.R.D. 652, 653 (D.Nev. 1989); Kamp Implement Co. v. J.I. Case Co., 630 F. Supp. 218, 219 (D. Mont. 1986).

This court generally applies a two pronged analysis in deciding whether to grant a protective order staying discovery before other pending motions can be heard. First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. Panola Land Buyer's Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985). Magistrate judges have been given broad discretion to stay discovery pending decisions on dispositive motions, including motions for summary judgment. Id.; see also, Scroggins v. Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976). The court may, for example, stay discovery when it is convinced that plaintiff will be unable to state a claim for relief or if the action is moot. B.R.S. Land Investors, 596 F.2d at 356; Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981).

Second, the court must determine whether the pending dispositive motion can be decided absent additional discovery. See, e.g., Church of Scientology of San Francisco v. Internal Revenue Service, 991 F.2d 560, 563 (9th Cir. 1993), vacated in part on other grounds, 30 F.3d 101 (9th Cir. 1994). If the court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is negative, discovery proceeds. Denying a protective order is particularly appropriate if a stay of discovery could preclude either party from fully preparing for the pending dispositive motion. Id.

B. <u>Whether Defendants Will Prevail on their Motion to Compel Arbitration and Motion to Strike Class Allegations</u>

Instructive to the analysis are two previous orders in this case. On October 8, 2008, Judge Karlton denied without prejudice defendants' motion to stay or dismiss pending

arbitration, directed plaintiff to file a motion for class certification, and granted in part defendants' motion to dismiss pursuant to Rule 12(b)(6) in regard to the claim for injunctive relief only, requiring plaintiff to file an amended complaint. At least tentatively, the court found the arbitration agreement to be enforceable, and that it applied to all of the causes of action of the complaint, except for the prayer for injunctive relief. The court also found that plaintiff had made an insufficient showing that the class action waiver rendered the arbitration agreement unconscionable so as to be unenforceable. (Order at 15.) The court declined to permit the case to arbitration at the time, finding that it was bound to determine first whether the class should be certified. Based on that outcome, the court reasoned that it could then determine which parties would be compelled to participate in arbitration and whether there existed a subclass whose disputes did not require arbitration. (Id. at 18.)

In a later order, dated February 5, 2009, Judge Karlton granted plaintiffs' motion to file a third amended complaint in order to substitute class representatives. In that order, the district court reiterated its previous order regarding applicability of the arbitration clause, and its intent to resolve the class certification issues before ordering arbitration. In fact, in response to defendants' argument that plaintiffs' proposed third amended complaint was an attempt to circumvent the court's order to arbitrate, the court repeated its ruling that class certification issues would be resolved prior to any order to arbitrate, as would any claims by subclasses that might not be arbitrable. The court acknowledged a previously set deadline of June 1, 2009 for plaintiffs to bring a class certification motion.

It is unclear how the district judge will rule on defendants' motion to compel arbitration and strike class action allegations as the court has acknowledged an insufficient showing that a class action exclusion in the purchase agreement is unconscionable; yet the judge plans to hear plaintiffs' motion for class certification. Without any certainty as to whether defendants will prevail on their motion, at least before hearing a class certification hearing, the first prong militates against a stay of discovery.

4

Second, the discovery at issue, while pertinent to the merits, appears for the most part also related to class action issues which Judge Karlton intended to decide prior to a decision on arbitration. As long as the class certification hearing remains pending, plaintiffs need discovery for that hearing, and staying discovery at this time would unduly prejudice plaintiffs.

Finally, aside from the aforementioned unknown factors is one known factor, that plaintiffs' prayer for injunctive relief, presently not subject to attack, is outside the arbitration agreement, and therefore discovery as to it is not affected since it appears at this time that this claim will proceed regardless of the outcome of defendants' present motion. For this reason as well, defendants' motion to stay discovery will be denied.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Defendants' motion to stay discovery, filed March 12, 2009, is denied.[4]

2. The parties are directed to meet and confer on the merits of the discovery at issue and file a refined joint statement within ten days of this order.

DATED: April 2, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076/Dalie0337.po.wpd

---

[4] The effect of the denial of the protective order depends on the outcome of the next hearing date before Judge Karlton.(April 20, 2009). If Judge Karlton dispositively rules entirely in favor of defendants at that hearing (including any claim for injunctive relief), there will be no need for a protective order as the case will be dismissed. If Judge Karlton rules in favor of plaintiffs on that day, the motion for protective order is moot as the case will continue in federal court. If Judge Karlton takes the matter under submission, for the reasons set forth above, a protective order is not warranted, as it would unduly prejudice plaintiffs in preparing for the class certification hearing.